IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAWN LAMAR WILLIAMS,

        Plaintiff,

  vs.                                    Civil Action 2:16-cv-0013
                                          Judge Graham
                                          Magistrate Judge King

JENNIFER CARPER, *et al.*,

        Defendants.

**REPORT AND RECOMMENDATION**

    This is a civil rights action under 42 U.S.C. § 1983 in which plaintiff, a state prisoner proceeding without the assistance of counsel, claims a violation of his constitutional rights while at the Ross Correctional Institution ("RCI"). This matter is now before the Court on *Defendants' Motion to Dismiss Plaintiff's Amended Complaint*, ECF No. 16. Plaintiff opposes the motion, *Plaintiff's Response to Motion to Dismiss*, ECF No. 17, and defendants have replied in support of the motion, *Defendants' Memorandum in Reply to Plaintiff's Response (Doc#17) to Defendant's* [sic] *Motion to Dismiss Plaintiff's Amended Complaint*, ECF No. 19. For the following reasons, it is recommended that *Defendants' Motion to Dismiss Plaintiff's Amended Complaint* be granted.

**STANDARD**

    A complaint will be dismissed for failure to state a claim if it fails to "'give the defendant fair notice of what the ... claim is and

1

the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47(1957)). Although a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly,* 550 U.S. at 555; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. Although "the plausibility standard is not [equivalent] to a 'probability requirement,' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting *Twombly,* 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Although *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even a *pro se* complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (internal quotation marks omitted).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or federal law and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir.1996). Because § 1983 is a method for vindicating federal rights, not itself a source of substantive rights, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of his rights under the Eighth and Fourteenth Amendments. The Eighth Amendment, made applicable to the States through the Fourteenth Amendment, imposes a limitation on the State's ability to punish those convicted of crimes.

> Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman,* 452 U.S. 337, 345–46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir.1987) (*per curiam*) (quoting *Rhodes,* 452 U.S. at 346). The deprivation alleged must result in the denial of "the minimal civilized measure of life's necessities." *Rhodes,* 452 U.S. at 347; *see also Wilson v. Yaklich,* 148 F.3d 596, 600–01 (6th Cir.1998). The Eighth Amendment is concerned only with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes,* 452 U.S. at 348. Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment

3

> within the meaning of the Eighth Amendment." *Ivey,* 832 F.2d at 954.

*Richmond v. Settles*, 450 F. App'x 448, 454–55 (6th Cir. 2011).

An Eighth Amendment claim entails both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The defendant must have acted with a sufficiently culpable state of mind and the alleged wrongdoing must have been objectively harmful enough to establish a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). A plaintiff-inmate must show that the defendant acted "'maliciously and sadistically for the very purpose of causing harm,'" rather than "'in a good faith effort to maintain or restore discipline.'" *Id*. at 6 (quoting *Whitley v. Albers,* 475 U.S. at 320-21). Specifically, a plaintiff-inmate must demonstrate, *inter alia*, actual injury that is more than *de minimis*. *Hudson*, 503 U.S. at 9 – 10; *Richmond,* 450 Fed. Appx. 448.

### ***AMENDED COMPLAINT***

The *Amended Complaint*, ECF No. 13, names as defendants two captains at RCI (defendants Carper and Yates) and Daren Hall, who is not otherwise identified but who was served with process at RCI. The factual allegations in the *Amended Complaint* are as follows: On October 17, 2015, at approximately 6:00 p.m., plaintiff had "words" with a corrections officer (who is otherwise unidentified) and was handcuffed and placed in a "'Cell Block' cage." *Id*. at ¶ 8. His request to be placed on suicide watch, "because he felt like hurting himself," was denied by defendant Carper. *Id.* Defendant Carper told defendant Yates

4

> to leave Plaintiff inside the cage until 9:15 a.m. October 18, 2015. Where plaintiff had to stand up all day. Then [plaintiff] was placed on constant watch by Capt. Yates.

*Id.* at ¶ 9. Plaintiff asks that defendants' employment be terminated, that the Court declare that plaintiff's rights were violated, and that he be awarded compensatory and punitive damages from each of the three defendants. *Id.* at PAGEID# 51.

The *Amended Complaint* utterly fails to allege any wrongdoing on the part of defendant Hall. As it relates to defendants Carper and Yates, the *Amended Complaint* alleges no facts that would support a claim of cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. The facts alleged by plaintiff simply do not entail "deprivations of essential food, medical care, or sanitation," or "other conditions intolerable for prison confinement." *See Rhodes,* 452 U.S. at 348. The *Amended Complaint* fails to state a claim under the Eighth and Fourteenth Amendments upon which relief can be granted.

It is therefore **RECOMMENDED** that *Defendants' Motion to Dismiss Plaintiff's Amended Complaint*, ECF No. 16, be granted and that this action be dismissed for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections

5

must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                              *s/Norah McCann King*
                                              Norah M$^c$Cann King
August 5, 2016                   United States Magistrate Judge